IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BT GRANITE RUN, LP, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BONDEX INSURANCE COMPANY, | : | No. 17-1584 |
|     Defendant. | : | |

### MEMORANDUM

Schiller, J.                                                                                                              October 17, 2017

BT Granite Run, L.P. entered into a contract with RCD Group, Inc. as part of the plan to demolish the Granite Run Mall. Bondex Insurance Company ("Bondex") issued a payment bond and a performance bond related to the project. RCD Group defaulted on the contract to tear down the mall, and BT Granite Run sued Bondex for payment under the bonds. Presently before the Court is Bondex's motion for summary judgment. For the reasons that follow, the motion is denied.

**I.     BACKGROUND**

BT Granite Run entered into a written agreement with RCD Group, Inc., in which BT Granite Run agreed to pay RCD Group $455,400, and RCD Group agreed to provide the labor and materials to demolish the Granite Run Mall. (Compl. Ex. A [Agreement].) Bondex issued a payment bond and a performance bond. (Compl. ¶ 7.) BT Granite Run claims that it is an intended beneficiary under the payment bond and has rights pursuant to both bonds. (*Id*. ¶ 8.) Under the terms of the payment bond, RCD Group and Bondex jointly and severally agreed with BT Granite Run that "every claimant . . . who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were

furnished by such claimant, may sue on this bond as set forth herein for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon." (Compl. Ex. B [Payment Bond].) A claimant is defined as "one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental or equipment directly applicable to the Contract." (*Id*.) The Principal is RCD Group. (*Id*.) The Payment Bond states that "[i]n no event shall the Surety be liable for an amount in excess of the penal sum of this bond." (*Id*.)

The Performance Bond includes a penal sum of $455,400 and states that "no one other than the named "Obligee" shall have any right of action under this bond." (Compl. Ex. C [Performance Bond].) The obligee is BT Granite Run. (*Id*.) The Performance Bond states that

> If the Principal is in default under the contract and the Obligee has declared the Principal in default, the Surety may remedy the default or shall: A. Complete the work, through the Principal or otherwise; B. Arrange for the completion of the work by a contractor acceptable to the Obligee, or C. Waive its right to complete and reimburse Obligee the amount of its reasonable costs to complete the Work less the Contract balance, not to exceed the Bond Sum.

(*Id*.) The Performance Bond also states that "[i]n no event shall the Surety be liable for an amount in excess of the penal sum of this bond." (*Id*.)

RCD Group defaulted and BT Granite Run sued it on December 9, 2016. (Compl. ¶ 11.) BT Granite Run's lawsuit against Bondex includes a claim for breach of the payment bond and a claim for breach of the performance bond.

BT Granite Run has produced evidence that it has made direct payments to subcontractors to complete work that RCD Group failed to complete and to defend BT Granite Run's property

2

against mechanics' lien claims filed by subcontractors. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J. [Pl.'s Opp'n] Ex. 1 [Krauss Aff.]; Exs. A–M [Evidence of mechanics' liens].)

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). When the movant does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

Thereafter, the nonmoving party demonstrates a genuine issue of material fact if it provides evidence sufficient to allow a reasonable finder of fact to find in its favor at trial. *Anderson*, 477 U.S. at 248. In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 286 (3d Cir. 2009). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

## III.   DISCUSSION

### A.    Payment Bond

Bondex claims that it is entitled to summary judgment on BT Granite Run's claim on the

Payment Bond because BT Granite Run is not a claimant pursuant to the terms of that agreement. (Bondex Ins. Co.'s Br. in Supp. of Summ. J. [Bondex's Br.] at 4–7.) Although the Court agrees that the terms of the Payment Bond mean that BT Granite Run is not a claimant, BT Granite Run has noted the possible existence of an exception that makes summary judgment on the Payment Bond inappropriate.

According to the Payment Bond, RCD Group is the Principal, Bondex is the Surety, and BT Granite Run is the Obligee. A payment bond protects an obligee from claims by the principal's unpaid laborers or suppliers. *Am. Cas. Co. of Reading, Pa. v. D.L. Withers Constr., L.C.*, 64 P.3d 210, 212 (Ariz. Ct. App. 2003); *see also United States v. Daddona*, 34 F.3d 163, 165 n.1 (3d Cir. 1994). Generally speaking, the obligee may not recover damages from the surety under a payment bond because the payment bond is intended to ensure payment to persons providing labor and material to the contractor, not to provide a financial recovery to the obligee. *Kedar Corp. v. Am. Contractors Indem. Co.*, Civ. A. No. 11-6446, 2012 WL 440664, at *6 (E.D. Pa. Feb. 7, 2012); *see also Ayers Enters., Ltd. v. Exterior Designing, Inc.*, 829 F. Supp. 1330, 1333 (N.D. Ga. 1993) (holding that "payment bonds are intended to protect laborers and materialmen rather than the obligee of the bond").

The plain language of the Payment Bond defines a claimant as "one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material." There is no indication here that RCD Group and BT Granite Run shared such a relationship. Rather, RCD Group proposed to furnish all of the labor, material, equipment, and supervision needed to demolish the mall. BT Granite Run did not provide labor and materials here. The Payment Bond guaranteed payment to RCD Group's subcontractors with whom

it had a direct contract. BT Granite Run, as the obligee, did not have a direct contract with RCD Group, the Principal and contractor on the project, for labor or material. Instead, RCD Group's subcontractors, the entities that would be claimants, provided labor or material. Once RCD Group defaulted, BT Granite Run would normally be required to turn to the Performance Bond, not the Payment Bond, for relief. *See Kedar Corp.*, 2012 WL 440664, at *6.

BT Granite Run argues, however, that as an intended beneficiary of the Payment Bond, BT Granite Run is entitled to seek damages for Bondex's purported breach. (Pl.'s Opp'n at 15–16.) The Court rejects this argument because it would swallow the general rule that an obligee is not a claimant and therefore may not recover under a payment bond.

An exception to this general rule exists, however. As Bondex notes, an obligee may recover under a payment bond "for payments *actually made* to claimants which were compelled by the filing of mechanic's liens." (Bondex's Br. at 6–7.) Indeed, *Kedar*, upon which Bondex relies, recognizes this exception. *See Kedar*, 2012 WL 440664, at *6 n.3 ("Notably, an exception exists where the obligee seeks indemnification from the surety for payments it made to the principal's subcontractors after the surety refused to pay them and after some of those subcontractors asserted mechanics' liens against the owner's property."); 11A *Couch on Ins.* § 165:14 ("[T]he obligee has no right thereon with respect to the claims of laborers and materialmen, unless, through payment, the obligee has become subrogated to their claims.").

BT Granite Run contends that the exception to the general rule applies here. Bondex disagrees. BT Granite Run, however, has dug up evidence that at a minimum raises the prospect that BT Granite Run made payments to subcontractors—who would clearly qualify as claimants—perhaps as the result of mechanics' liens. The Court will nail this down at trial, but the

5

evidence submitted by BT Granite Run suggests that it may have stated a subrogation claim under the payment bond.

Although the Court does not deviate from the general principle that an obligee is not a claimant under a payment bond, BT Granite Run has raised the possibility that an exception applies here. The Court therefore denies Bondex's summary judgment motion on the Payment Bond.

### B. Performance Bond

Bondex argues that the plain terms of the Performance Bond only obligate Bondex to perform "the contractual obligations of RCD to complete the work." (Bondex's Br. at 10.) According to Bondex, it "assumed no liability beyond the costs of completion." (*Id.* at 10–11.) BT Granite Run asserts that the Performance Bond obligated Bondex to perform in the event that RCD Group did not, and having failed to do that, BT Granite Run is entitled to relief. (Pl.'s Opp'n at 10–12.)

At this juncture, the Court cannot hold that Bondex is entitled to judgment as a matter of law. RCD Group had an obligation to pay subcontractors, and BT Granite Run has raised the argument that Bondex agreed to fulfill all of RCD Group's obligations, including payment to subcontractors. The Court will address these issues at trial.

## IV. CONCLUSION

A trial is necessary to decide whether BT Granite Run is entitled to damages for any purported breaches of the Payment Bond or the Performance Bond. Accordingly, Bondex's motion for summary judgment is denied. An Order consistent with this Memorandum will be docketed separately.